IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NEWCOURT CAPITAL, USA, INC. and SW HOLDING TRUST,<br>　　　　Plaintiff,<br><br>　vs.<br><br>RUBLOFF AVIATION MAINTENANCE SERVICES, LLC,<br>　　　　Defendant. | Case No. 05 C 50002<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

On December 24, 2008, the court clerk issued nine citations to discover assets to Rubloff Aviation Maintenance Services, LLC ("Judgment Debtor"), RJSS Holdings, LLC ("RJSS"), Rubloff Jetstar, LLC ("Rubloff Jetstar"), Hinshaw & Culbertson ("Hinshaw"), Amcore Bank, Dawn Bradley ("Bradley"), Amy Harris ("Harris"), William Gray ("Gray"), and Mark Robinson ("Robinson"). On January 13, 2009, Judgment Debtor filed a motion to quash the citations and for an award of sanctions and costs. Judgment Debtor also moved to strike a portion of Judgment Creditor's response to the motion to quash. For the reasons below, the court grants Judgment Debtor's Motion to Quash in part.

### II. BACKGROUND

On September 22, 2008, the district court entered a judgment "in favor of plaintiffs Newcourt Capital USA, Inc. and SW Holding Trust and against defendants RJSS Holdings LLC,

1

Rubloff Aviation Maintenance Services LLC, and Rubloff Jetstar LLC in the amount of $269,647.09, plus court costs." *Newcourt Capital et al. v. RJSS Holdings et al.*, No. 05-C50002, at 1 (N.D. Ill. Nov. 11, 2008). The judgment amount represented a jury verdict of $35,566.08 for breach of contract, and a stipulated damages amount of $234,081.01 based on certain overcharges for parts and sales tax. *Id*. On November 17, 2008, Judge Kapala instructed the court clerk to enter an amended judgment against the Judgment Debtor, and to dismiss all other defendants pursuant to the parties' stipulation. *Id*. at 2.

To satisfy the judgment, Judgment Creditor initiated supplementary proceedings to discover Judgment Debtor's assets on December 24, 2008. The court clerk issued nine citations to discover assets to Judgment Debtor, RJSS, Rubloff Jetstar, Hinshaw, Amcore Bank, Bradley, Harris, Gray, and Robinson. All nine citations have nearly identical instructions. Def.'s Mot. to Quash Citations to Discover Assets and for an Award of Sanctions and Costs at 1 (hereinafter "Def.'s Mot."). Each citation has attached to it an Exhibit A which asks the respondent to identify property of the Judgment Debtor held by the respondent in savings accounts, checking and NOW accounts, certificates of deposits, money market accounts, trust accounts, safety deposit boxes, account payables to the Judgment Debtor, adverse claimants, wages, salaries, commissions, and other personal property. *Id*. at Ex. 1. Each citation also has attached to it an Exhibit B which, along with instructions and definitions, makes 15 production requests. *Id*.

On January 13, 2009, the Judgment Debtor filed its motion to quash the citations. Judgment Debtor objects to production requests 1–8 and 13–15:

> (1) All State and Federal Income Tax Returns (including, but not limited to, quarterly estimates) as well as payroll tax documents filed for the Debtor or Defendants or any of their members or shareholders for the years ending 2002 through the present.

2

(2) All financial statements reflecting the financial assets or liabilities of Debtor or Defendants or any of their members or shareholders covering periods April 1, 2002 to the present, including, but not limited to, annual financial statements, monthly financial statements, quarterly financial statements, general ledgers, trial balances, profit and loss statements and balance sheets.

(3) All account statements (and canceled checks and any other documents, including, but not limited to wire transfer forms) for all checking accounts in which Debtor or Defendants have had an interest from April 1, 2002 to the present.

(4) All statements, signature cards and passbooks for any savings accounts in which Debtor or Defendants or any of their members or shareholders had or currently has an interest, from April 1, 2002 to the present.

(5) All statements and signature cards from April 1, 2002 to the present for any money market accounts, certificates of deposits, treasury bills, investment accounts, brokerage accounts, or any similar accounts in which Debtor or Defendants or any of their members or shareholders owned an interest directly or indirectly.

(6) All documents which evidence, refer to, reflect or otherwise relate to all stocks, bonds, commercial paper, indebtedness or securities previously or currently owned by Debtor or Defendants or any of their members or shareholders from April 1, 2002 to the present.

(7) Any and all documents which evidence, refer to, reflect or otherwise relate to Debtor or Defendants or any of their members [*sic*] or shareholders [*sic*] ownership [*sic*] or rental of any real property, [*sic*] including deeds, closing documents and title policies, from April 1, 2002 to the present.

(8) All documents regarding personal property including, but not limited to, automobiles or computers previously or currently owned by Debtor or Defendants or any of their members or shareholders from April 1, 2002 to the present.

(13) Any and all correspondence or documents relating to any outside accounting or financial professionals who have performed any services for Debtor or any of the Defendants from April 1, 2002 to the present, including, but not limited to invoices and electronic mail.

(14) Any and all documents relating in any way to legal fees paid by Debtor or any of the Defendants from April 1, 2002 to the present, including, but not limited to, any and all documentation relating to any retainers and electronic mail.

(15) Any and all other documents not otherwise requested above relating in any way to Debtor or Defendants or any of their members [*sic*] or shareholders' assets held at any time from April 1, 2002 to the present.

*Id*. Regarding the production requests, Exhibit B defines the term "Debtor" as referring to Rubloff Aviation Maintenance Services, LLC, and the term "Defendants" as referring to RJSS Holdings, LLC, f/k/a Rubloff Jet Support Services, LLC and Rubloff Jetstar, LLC. *Id*.

### III. DISCUSSION

Rule 69 provides that proceedings supplementary to and in aid of judgment or execution "must accord with the procedure of the state where the court is located." FED. R. CIV. P. 69. In Illinois, a supplementary proceeding is initiated when the court clerk issues a citation. 735 ILL. COMP. STAT. 5/2-1402(a). Section 2-1402 entitles a judgment creditor to examine "the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment." *Id*. Illinois Supreme Court Rule 277(a) entitles the judgment creditor to initiate a supplementary proceeding "against the judgment debtor or any third party the judgment creditor believes has property of or is indebted to the judgment debtor." A citation "[m]ay require, upon reasonable specification thereof, the production . . . of any books, papers, or records, in [the responding party's] possession or control which have or may contain information concerning the property or income of the debtor." Illinois Supreme Court Rule 277(c)(4).

When initiating a supplemental proceeding against a third party, "the judgment creditor does not need to have evidence of specific assets or income sought, it only needs a belief that the third party possess assets of the judgment debtor." *Lorillard Tobacco Co. v. Can-Star (U.S.A.), Inc. et al.*, 2005 U.S. Dist. LEXIS 16163, at *4 (N.D. Ill. Aug. 4, 2005) (citing *Regan v. Garfield Ridge Trust and Savings Bank*, 247 Ill. App. 3d 621, 624, 617 N.E.2d 818, 820 (Ill. App. Ct. 1993) ("[A] 'fishing expedition' for assets *is* permissible in the context of an initial proceeding to discover assets, if it is based on the belief that such assets are in the third party's

4

possession.")). Although a judgment creditor can issue citations to a third party to discover assets of a judgment debtor, a judgment creditor cannot issue citations to discover assets of a third party. *Lorillard Tobacco Co.*, 2005 U.S. Dist. LEXIS 16163, at *7–8 (holding that citations issued to a third party's bank, to discover the assets of the third party, were overly-broad). Also, citations that attempt to pierce the corporate veil are outside the scope of supplemental proceedings; piercing the corporate veil requires an entirely new action. *Johnson et al. v. St. Therese Med. Ctr. et al.*, 296 Ill. App. 3d 341, 345, 694 N.E.2d 1088, 1091 (Ill. App. Ct. 1998) (holding that a judgment creditor could not issue citations to discover the assets of the individual partners who made up the partnership against which judgment was entered where the individual partners were not named in the complaint); *Pyshos v. Heart-Land Dev. Co.*, 258 Ill. App. 3d 618, 624, 630 N.E.2d 1054, 1058 (Ill. App. Ct. 1994) ("[A] party who has secured a judgment against a corporation may not seek to pierce the corporate veil in supplemental proceedings.").

In this case, Judgment Debtor's citations are overly broad. Document requests 1, 2, 4–8, and 15 each seek information regarding the assets of "the Debtor or Defendants or any of their members or shareholders." Def.'s Mot. at Ex. 1. Document requests 3, 13, and 14 each seek information regarding the assets of "the Debtor or Defendants." *Id*. The term "Defendants" is defined as RJSS Holdings, LLC, f/k/a Rubloff Jet Support Services, LLC and Rubloff Jetstar, LLC. *Id*. Notably, none of the Defendants are the Judgment Debtor. Also, the Judgment Debtor is an entity distinct from its own members, and the members and shareholders of the "Defendants." *Johnson*, 296 Ill. App. 3d at 345. Because they seek to discover assets of companies and individuals other than the Judgment Debtor, these production requests exceed the allowable scope of citations to discover assets under Illinois law. *Lorillard Tobacco Co.*, 2005

5

U.S. Dist. LEXIS 16163, at *7–8.

Judgment Creditor argues that these citations are necessary to discover assets of Judgment Debtor because Judgment Debtor has engaged in a "shell game," hiding assets among the assets of other companies and individuals. Pl.'s Resp. to Def.'s Mot. to Quash Citations to Discovery Assets and for Sanctions at 1–2 (hereinafter "Pl.'s Resp."). Judgment Creditor argues that this alleged "shell game" justifies discovery into the assets of third parties because such discovery is necessary to locate the assets of the Judgment Debtor. Pl.'s Resp. at 11. Judgment Creditor has the right to locate the assets of the Judgment Debtor, but it does not have the right to discovery related to the assets of an entity or individual other than the Judgment Debtor. *Pyshos*, 258 Ill. App. 3d at 624. This discovery is actually an attempt to pierce the "corporate veil," for which Illinois law requires a separate action. *Id*. It is inappropriate here.

Although Judgment Creditor's citations are beyond the appropriate scope allowed under Illinois law to discover assets, they are easily remedied. In each of the 11 production requests to which Judgment Debtor objects, one of two terms appears: either "Debtor or Defendants or any of their members or shareholders," or "Debtor or Defendants." Both of these terms inappropriately expand the scope of the corresponding request beyond the assets of the Judgment Debtor to the assets of third parties. The citations should require information related to the assets of the "Debtor" only.

### III. CONCLUSION

This court grants Judgment Debtor's motion to quash the citations, and instructs Judgment Creditor to have the citations re-issued in accordance with this opinion. Judgment Debtor's motion to strike Section IV of Judgment Creditor's Response is moot. Each side is instructed to pay its own attorneys' fees and costs.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT


DATE: March 11, 2009