**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **NEWCOURT CAPITAL, USA, INC. and** | ) | **Case No. 05 C 50002** |
| **SW HOLDING TRUST,** | ) | |
| **Plaintiff,** | ) | **Magistrate Judge** |
| | ) | **P. Michael Mahoney** |
| **vs.** | ) | |
| | ) | |
| **RUBLOFF AVIATION MAINTENANCE** | ) | |
| **SERVICES, LLC,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

On November 17, 2008, the district court entered judgment against Rubloff Aviation

Maintenance Services, LLC ("Judgment Debtor") and in favor of NewCourt Capital, USA, Inc.

and SW Holding Trust (collectively, "Judgment Creditors") for $269,647.09 plus interest.  To

satisfy the judgment, the Judgment Creditors initiated supplemental proceedings by issuing

citations to discover assets to the Judgment Debtor, third party respondent RD Air, LLC ("RD

Air"), and third party respondent MD87-936, LLC ("Rubloff MD87").[1]  Before the court are

three motions for turnover of assets filed by the Judgment Creditors against the Judgment

Debtor, RD Air, and Rubloff MD87.

---

[1]Citations to discover assets were issued to other people and entities as well, but the only
three motions to turn over assets filed at this time are directed to the Judgment Debtor, RD Air,
and Rubloff MD87.

<u>II.  The Judgment Creditors' first motion for turnover of assets directed against the Judgment Debtor.</u>

During discovery, the Judgment Debtor produced a 2008 Depreciation and Amortization Report ("2008 Report").  (Pls.' Mot. Ex. B.)  The 2008 Report lists five items: "Equipment," "Scissor Lifts," "Avial Services-Test Equip," "Avionics Intl-Test Equip," and "Digital Air Data Tester."  (*Id*.)  The Judgment Creditors' first motion seeks a court order directing the Judgment Debtor to turn over these five assets.

Rule 69 provides that proceedings supplementary to and in aid of judgment or execution "must accord with the procedure of the state where the court is located."  *Fed. R. Civ. P.* 69. Illinois Supreme Court Rule 277 authorizes supplementary proceedings, initiated by the serving of a citation to discover assets, "against the judgment debtor or any third party the judgment creditor believes has property of or is indebted to the judgment debtor."  *Illinois Supreme Court Rule* 277(a) & (b).  Supplementary proceedings must comply with section 2-1402 of the Illinois Code of Civil Procedure.  *Id*.

Section 2-1402 provides that the court may compel a judgment debtor to deliver up nonexempt assets to be applied in satisfaction of a judgment.  735 *Ill. Comp. Stat.* 5/2-1402(c). Those assets include "property or effects in the judgment debtor's possession or control, so discovered, capable of delivery and to which [the judgment debtor's] title or right of possession is not substantially disputed."  735 *Ill. Comp. Stat.* 5/2-1402(c)(1).

The property for which the Judgment Creditors seek an order compelling production does not appear to be exempt under the statute.  Indeed, the Judgment Debtor indicated that if it had the items, it would turn them over to the Judgment Creditors.  (Def.'s Resp. ¶ 6.)  The Judgment Debtor stated in its response brief that "to the best of the recollection of the service people

involved, the equipment was broke, possibly sent out to repair, and when the estimates were received, the decision was made not to repair the equipment."[2]  (Def.'s Resp. ¶ 7.)  To the extent that the five sought items are in the Judgment Debtor's possession or control, capable of delivery, and to which the Judgment Debtor's title or right of possession is not substantially disputed, the court orders the Judgment Debtor to turn the items over to the Judgment Creditors.

The Judgment Creditors deposed Amy Harris, an accountant who previously worked for Rubloff Development Group, Inc., the Judgment Debtor's parent company.  (Pls.' Reply Ex. 1.) She testified that she occasionally worked on projects for the Judgment Debtor.  (Harris Dep. 8:3–15, Aug. 5, 2009.)  When asked if she knew who might be able to tell the Judgment Creditors' counsel the disposition of the items on the 2008 Report, Harris stated, "If I was going to ask someone, I would — if someone asked me to find out, I would ask Mike Toll, who is our head pilot."  (*Id*. at 81:21–23.)

Seemingly fueled by the Judgment Debtor's response brief and Harris' testimony, the Judgment Creditors' reply brief requests that the court order the Judgment Debtor to "produce documents regarding or relating to: whether and when the Equipment was broken; that estimates were sought and/or received for the Equipment; that decisions were made not to repair the Equipment; [and] what happened to the Equipment."  (Pls.' Reply 4.)  Furthermore, the Judgment Creditors request the court order the Judgment Debtor to "produce for examination all individuals, including Mike Toll, having knowledge of: whether and when the Equipment was broken; that estimates were sought and/or received for the Equipment; that decisions were made

---

[2]Apparently, counsel for the Judgment Debtor misread the 2008 Report.  Due to the error, his response brief only addresses three of the five items on the report.  The Judgment Debtor sought leave to file a sur-reply which corrected the errors and made some additional arguments. The court denied that motion, finding that the sur-reply was unnecessary for this decision.

not to repair the Equipment; [and] what happened to the Equipment." (*Id.*)  Essentially, the Judgment Creditors are seeking leave to supplement the citation they served on the Judgment Debtor with two more discovery requests.  The requests are reasonably calculated to discover the disposition of the five items on the 2008 Report.  The court grants the Judgment Creditors leave to serve these two additional discovery requests on the Judgment Debtor.  The balance of the Judgment Creditors' first motion is denied without prejudice.

### III.  The Judgment Creditors' second and third motions for turnover of assets directed against RD Air and Rubloff MD87.

The Judgment Creditors' second and third motions allege that third parties RD Air and Rubloff MD87 owe money to the Judgment Debtor.  Specifically, the Judgment Creditors allege that RD Air owes Judgment Debtor $1,241,684.47 (Pls.' Mot. Against RD Air ¶ 5), and that Rubloff MD87 owes Judgment Debtor $8,080.00 (Pls.' Mot. Against Rubloff MD87 ¶ 5).  The motions submitted by the Judgment Creditors do not indicate when or for what the debts were incurred.

The Judgment Creditors' motion requests that the court order RD Air and Rubloff MD87 to pay the Judgment Creditors the amounts due on the debts owed to the Judgment Debtor in satisfaction of the judgment.  The Judgment Creditors argue that such a court order would be appropriate under 735 *Ill. Comp. Stat.* 5/2-1402(c)(3).  (*E.g.* Pls.' Mot. Against RD Air ¶ 8.) That section states the following:

> [The court can c]ompel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement.  A judgment creditor may recover a corporate judgment debtor's property on behalf of the judgment debtor for use of the judgment creditor by filing an appropriate petition within the citation proceedings.

735 *Ill. Comp. Stat.* 5/2-1402(c)(3).

The third parties assert that they do not have any "assets" of the Judgment Debtor as that term is used in section 2-1402(c)(3).[3] (Defs.' Resp. 2–3.) They argue that the applicable statute is section 2-1403(c)(6). (*Id*. at 3–4.) Section 2-1403(c)(6) provides that the court may do the following:

> Authorize the judgment creditor to maintain an action against any person or corporation that, it appears upon proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt, forbid the transfer or other disposition of the debt until an action can be commenced and prosecuted to the judgment, direct that the papers or proof in the possession or control of the debtor and necessary in the prosecution of the action be delivered to the creditor or impounded in court, and provide for the disposition of any moneys in excess of the sum required to pay the judgment creditor's judgment and costs allowed by the court.

735 *Ill. Comp. Stat.* 5/2-1403(c)(6). The third parties argue that under section 2-1403(c)(6), the judgment creditor may obtain leave from the court to file a separate cause of action against third parties who may have owed the judgment debtor a debt. (Defs.' Resp. 4.)

Ordinarily, the specific terms of a statute trump the general terms. Section 2-1403(c)(6) addresses a specific situation, one where a judgment creditor has discovered through citations a third party that is indebted to the judgment debtor. The specific situation contemplated by 2-1403(c)(6) is exactly the one in this case. Thus, section 2-1403(c)(6) governs here. *See, e.g.*, *Nat'l Bank of Austin et al. v. First Wisc. Nat'l Bank of Milwaukee et al.*, 48 Ill. App. 3d 915, 363 N.E.2d 619, 619 (2d Dist. 1977) (discussing a judgment creditor's nonwage garnishment proceedings initiated against a third party that was indebted to the judgment debtors). *But see Bentley v. Glenn Shipley Enter., Inc.*, 248 Ill. App. 3d 647, 619 N.E.2d 816, 819 (4th Dist. 1993)

---

[3]RD Air and Rubloff MD87 filed a joint brief in response to the motions. The Judgment Creditors then filed one reply brief in support of the two motions.

(indicating that under section 2-1403(c)(3) the court can compel a third party indebted to a judgment debtor to turn over to a judgment creditor "assets so discovered or the value thereof if those assets are held under circumstances in which the judgment debtor could recover them in an appropriate action").

The Judgment Creditors have put forth sufficient evidence that RD Air and Rubloff MD87 owe debts to the Judgment Debtor. The Judgment Creditors' second and third motions for turnover of assets are denied insofar as they request the court to order the third parties to pay the Judgment Creditors money that the third parties may owe on debts to the Judgment Debtor. The motions are granted insofar as the court finds that the Judgment Creditors may pursue actions against RD Air and Rubloff MD87 for recovery of debts that RD Air and Rubloff MD87 may owe to the Judgment Debtor. The court orders RD Air and Rubloff MD87 to deliver to the Judgment Creditors any documents in their possession or control which relate to the alleged debts by November 19, 2009. Judgment Creditors may petition the court within a reasonable time for an order barring RD Air and Rubloff MD87 from transferring or otherwise disposing of their respective debts in accordance with section 2-1402(c)(6). If necessary, the court will provide for the disposition of any moneys in excess of the sum required to pay the Judgment Creditors' judgment and costs allowed by the court at a later time.

### IV. Conclusion

The court grants the Judgment Creditors' first motion for turnover of assets directed at the Judgment Debtor in part. The court orders the Judgment Debtor to turn over any of the five items listed on the 2008 Depreciation and Amortization Report of which the Judgment Debtor has possession or control, the Judgment Debtor is capable of delivering, and to which the Judgment Debtor's title or right of possession is not substantially disputed. The court also grants

the Judgment Creditors leave to file the following two discovery requests: (1) a document production request seeking production of "documents regarding or relating to: whether and when the Equipment was broken; that estimates were sought and/or received for the Equipment; that decisions were made not to repair the Equipment; [and] what happened to the Equipment," and (2) a deposition notice for individuals, including possibly Mike Toll, "having knowledge of: whether and when the Equipment was broken; that estimates were sought and/or received for the Equipment; that decisions were made not to repair the Equipment; [and] what happened to the Equipment."

The court grants the Judgment Creditors' second and third motions for turnover of assets directed to RD Air and Rubloff MD87 in part. Judgment Creditors are granted leave to pursue an action against RD Air and Rubloff MD87 for recovery of the debts. The court orders RD Air and Rubloff MD87 to deliver to the Judgment Creditors any documents in their possession or control which relate to the alleged debts by November 19, 2009. Judgment Creditors may petition the court within a reasonable time for an order barring RD Air and Rubloff MD87 from transferring or otherwise disposing of their respective debts in accordance with section 2-1402(c)(6). If necessary, the court will provide for the disposition of any moneys in excess of the sum required to pay the Judgment Creditors' judgment and costs allowed by the court at a later time.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: November 6, 2009