UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| NEWCOURT CAPITAL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05 C 50002 |
| | ) | |
| RJSS HOLDINGS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

FREDERICK J. KAPALA, District Judge:

Currently before the court are two matters: (1) an objection filed by third-party defendants R.D. Air, LLC and MD 87-936, LLC, to the magistrate judge's memorandum opinion and order dated November 6, 2009, pursuant to Federal Rule of Civil Procedure 72(a); and (2) a motion by plaintiffs to enforce an alleged oral settlement agreement. As discussed below, the Rule 72(a) objection is sustained; the motion to enforce settlement is denied.

I. BACKGROUND

Following a jury trial, plaintiffs received a judgment against defendant Rubloff Aviation Maintenance Services LLC in the amount of $269,647.09, which they are currently attempting to collect, along with post-judgment interest. As part of their collection efforts, plaintiffs (also referred to as the "judgment creditors") filed three motions for turnover of assets against the judgment debtor, third-party defendant R.D. Air, and third-party defendant MD 87-936. The motions for turnover of assets against the third-party defendants were based on evidence that these entities owed money to the judgment debtor. These motions were the subject of the magistrate judge's November

6 memorandum opinion and order. See Newcourt Capital, USA, Inc. v. Rubloff Aviation Maint. Servs., LLC, No. 05 C 50002, 2009 WL 3754023, at *1 (N.D. Ill. Nov. 6, 2009).

Of particular relevance for purposes of this order is the motion for turnover of assets filed against R.D. Air. In the motion, plaintiffs claimed that R.D. Air owed the judgment debtor approximately $1.24 million.[1] Plaintiffs therefore sought an order, pursuant to 735 ILCS 5/2-1402(c)(3), directing R.D. Air to turn over to plaintiffs any assets in its possession belonging to or owed to the judgment debtor in order to satisfy the judgment. R.D. Air objected to the motion, arguing, in part, that they did not have any "assets" of the judgment debtor, as that term is used in § 2-1402(c)(3), and that the more applicable statute was 735 ILCS 5/2-1402(c)(6), which authorizes "the judgment creditor to maintain an action against any person or corporation that . . . is indebted to the judgment debtor, for the recovery of the debt."

The magistrate judge agreed with R.D. Air that § 2-1402(c)(6) was the relevant statute for purposes of plaintiffs' motion for a turnover order and found that the judgment creditors had put forth sufficient evidence that the third-party defendants owed debts to the judgment debtor.[2] Newcourt Capital, 2009 WL 3754023, at *3. Accordingly, the magistrate judge denied the motion to the extent it sought relief under § 2-1402(c)(3), and granted the motion, pursuant to § 2-1402(c)(6), "insofar as the court finds that the Judgment Creditors may pursue actions against RD Air and Rubloff MD87 for recovery of debts that RD Air and Rubloff MD87 may owe to the

---

[1] In the respective motion, plaintiffs alleged that third-party defendant MD 87-936 owed the judgment debtor $8,080.

[2] Plaintiffs have not challenged the magistrate judge's ruling that § 2-1402(c)(3) is inapplicable, and that § 2-1402(c)(6) is the relevant statute. The court further notes that, although the memorandum opinion and order inadvertently cites section "2-1403(c)(6)" as the relevant statute, it is clear that the magistrate judge analyzed the issue under § 2-1402(c)(6).

2

Judgment Debtor." Id. The magistrate judge further ordered "RD Air and Rubloff MD87 to deliver to the Judgment Creditors any documents in their possession or control which relate to the alleged debts by November 19, 2009." Id.

## II. RULE 72(A) OBJECTION

In their Rule 72(a) objection, the third-party defendants object only to the portion of the magistrate judge's order which requires them to deliver to the judgment creditors any documents in their possession or control which relate to the alleged debts owed to the judgment debtor. They argue that this is not authorized by § 2-1402(c)(6), and that the statute only provides that the court can direct the judgment debtor to produce such documents. Accordingly, the third-party defendants request that the memorandum opinion and order be modified by striking the contested language.

In response, plaintiffs argue that the third-party defendants are asserting an unduly narrow interpretation of § 2-1402(c)(6), and that the use of the word "debtor" within the section refers not to the judgment debtor, but rather to any person or corporation indebted to the judgment debtor. Specifically, plaintiffs argue that throughout section 2-1402, the Illinois Legislature "overwhelmingly employed the full phrase, 'judgment debtor,'" whenever referring to the judgment debtor, whereas there is only a single occurrence of the detached word "debtor" in the entirety of § 2-1402(c). From this, plaintiffs argue that the statute distinguishes between the judgment debtor and a third-party debtor owing a debt to the judgment debtor.

As an initial matter, the court notes that this issue concerning the interpretation of the word "debtor" within § 2-1402(c)(6) was not the primary issue before the magistrate judge, and in fact, it is not clear whether it was ever even raised, as there is no argument or discussion about the issue in any of the parties' briefs. Nevertheless, after review of the statute and consideration of the issue

3

with the benefit of briefing, the court agrees with the position taken by the third-party defendants and concludes that § 2-1402(c)(6) does not authorize this court to require the third-party defendants to produce documents to be used against themselves in a subsequent action for recovery of debts allegedly owed to the judgment debtor. Accordingly, the objection is sustained and the magistrate judge's order will be modified, as discussed below.

Section 2-1402(c)(6) provides that the court may, after it is determined that a third party is indebted to the judgment debtor, enter the following orders: (1) "[a]uthorize the judgment creditor to maintain an action against any person or corporation that, it appears upon proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt," (2) "forbid the transfer or other disposition of the debt until an action can be commenced and prosecuted to judgment," (3) "direct that the papers or proof in the possession or control of the debtor and necessary in the prosecution of the action be delivered to the creditor or impounded in court," and (4) "provide for the disposition of any moneys in excess of the sum required to pay the judgment creditor's judgment and costs allowed by the court." 735 ILCS 5/2-1402(c)(6). In the November 6 memorandum opinion and order, the magistrate judge properly authorized plaintiffs to maintain an action against R.D. Air and MD 87-936 to recover the debts that these entities allegedly owed to the judgment debtor, pursuant to the first provision of § 2-1402(c)(6). This provision allows plaintiffs to step into the shoes of the judgment debtor and attempt to collect the debts that are owed by the third-party defendants. In a separate order, the magistrate judge also acted properly by barring the third-party defendants from transferring or otherwise disposing of the debt, in accordance with the second provision of § 2-1402(c)(6), in order to give plaintiffs time to prosecute the necessary actions to recover the debts.

The objection raised by the third-party defendants concerns whether the magistrate judge exceeded his authority under the third provision of § 2-1402(c)(6), which relates to the delivery of "papers or proof in the possession or control of the debtor and necessary in the prosecution of the action" authorized by § 2-1402(c)(6). Specifically, the issue is whether the term "debtor" as used in the third provision of § 2-1406(c)(6) refers to the judgment debtor, as the third-party defendants contend, or the debtor of the judgment debtor, as the magistrate judge assumed and as plaintiffs contend. "In construing the meaning of a statute, our primary objective is to ascertain and give effect to the intent of the legislature." Ready v. United/Goedecke Servs., Inc., 232 Ill. 2d 369, 375 (2008). Here, the term "debtor" within the third provision of § 2-1406(c)(6) is susceptible to more than one meaning, and thus, the court finds the statute to be ambiguous. See id. at 377 ("A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses."). "[I]f the language of a statute is ambiguous, courts may look to tools of interpretation to ascertain the meaning of a provision." Id. at 375. For the reasons discussed below, the court concludes that the term "debtor" refers to the judgment debtor.

First, plaintiffs emphasize that the word "debtor" in the third provision of § 2-1402(c)(6) is not preceded by the word "judgment," and then argue that, because this modifier is missing, the term "debtor" must refer to the party who is indebted to the judgment debtor. The court is not persuaded by this argument because that same provision also uses the term "creditor" without the modifier "judgment." See 735 ILCS 5/2-1402(c)(6) (requiring the documents of the "debtor" be "delivered to the creditor or impounded in court"). If, as plaintiffs suggest, the word "debtor" refers to the party indebted to the judgment debtor (R.D. Air), then, by the same logic, the word "creditor" would refer to the judgment debtor, or the party to whom the "debtor" owed a debt. This construction results

in an absurd outcome, that is, § 2-1402(c)(6) would authorize the court to direct the third-party defendant to turn over evidence in its possession to the judgment debtor, even though the judgment creditor would be the one authorized to maintain the action to collect the debt. Under Illinois law, it is a well-established principle of statutory interpretation that "no statute should be construed in a manner which will lead to consequences which are absurd, inconvenient, or unjust." McMahan v. Indus. Comm'n, 183 Ill. 2d 499, 513-14 (1998). Accordingly, the court declines to impose such a construction on the statute.

Second, when interpreting the words in a statute, the court must look to the surrounding words and phrases to ensure the word is read within the proper context. See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 454 (1993) (explaining that "text consists of words living a communal existence . . . the meaning of each word informing the others and all in their aggregate taking their purport from the setting in which they are used" (alteration and quotation marks omitted). Here, the language of the statute immediately following the word "debtor" demonstrates that the term refers to the judgment debtor. Specifically, the statute requires the "debtor" to provide to the judgment creditor papers or proof that are "necessary in the prosecution of the action." 735 ILCS 5/2-1402(c)(6) (emphasis added). Because the judgment debtor is the party who normally would be the one prosecuting the action against the third-party defendants for recovery of the debts, the judgment debtor is the party who must deliver to the judgment creditor whatever documents it has that are necessary for the prosecution of the action. This provision merely assures that when the judgment creditor is authorized by § 2-1402(c)(6) to step into the shoes of the judgment debtor, the judgment creditor is placed in exactly the same position that the judgment debtor would have been in with respect to collecting the debt, including having access to

6

all of the evidence that the judgment debtor would have had at its disposal if it was the one prosecuting the action. Thus, the third provision of § 2-1402(c)(6) does not require the third-party defendants to deliver its documents to the judgment creditor. Rather, these documents, if they exist, will have to be acquired by the judgment creditor through the discovery process once the action for recovery of the debts has commenced.

Finally, plaintiffs carefully assert in their response to the objection that "[t]he Legislature only once employed the detached 'debtor' in all of Subsection 1402(c)," and then suggest, based on this "single occurrence," that the term "judgment debtor" is distinguishable from the term "debtor." The court finds this argument to be somewhat misleading and without merit. It is true, as plaintiffs assert, that there is only one occurrence of the single word "debtor" in § 2-1402(c). However, a review of the entirety of § 2-1402 reveals that the Legislature used the single word "debtor" multiple times when it clearly was referring to the judgment debtor. See 735 ILCS 5/2-1402(a) ("A judgment creditor . . . is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the <u>debtor</u> not exempt from the enforcement of the judgment . . . ." (emphasis added)); <u>id.</u> § 2-1402(b) (providing the form for a citation notice and, within paragraph (1) of the form, using the term "debtor" six times to refer to the judgment debtor's exemptions); <u>id.</u> § 2-1402(e) ("If the judgment debtor's property is of such a nature that it is not readily delivered up to the sheriff for public sale . . . the court may order the sale of such property by the <u>debtor</u> . . . ." (emphasis added)). "[I]n determining the intent of the legislature, the statute must be read as a whole and all relevant parts considered." <u>People v. Jordan</u>, 103 Ill. 2d 192, 206 (1984). Here, considering the entirety of § 2-1402 – and not just subsection (c) – the court is not convinced that the use of the term "debtor" without the modifier "judgment"

in the third provision of § 2-1402(c)(6) necessarily implies a party other than the judgment debtor. Moreover, the court notes that, if the Legislature had wanted to be clear that the term "debtor" in the third provision of § 2-1402(c)(6) referred to the debtor of the judgment debtor, they could have so specified explicitly.

For all these reasons, the court concludes that the term "debtor" in the third provision of § 2-1402(c)(6) refers to the judgment debtor, and that that provision authorizes the court to direct the judgment debtor to give to the judgment creditor any documents in its possession or control that would be necessary for the judgment creditor to use in the prosecution of the action to collect the debt from the third-party. Therefore, the portion of the magistrate judge's order requiring the third-party defendants to turn over to the judgment creditors any documents in their possession or control which relate to the alleged debts is vacated. In light of the foregoing analysis, however, the court finds that it would be appropriate to require the judgment debtor to turn over to the judgment creditors any documents in its possession or control that could be used in the prosecution of the actions to collect the debts that the third-party defendants allegedly owe to the judgment debtor. The judgment debtor is directed to comply with this order by January 9, 2010.

### III. MOTION TO ENFORCE SETTLEMENT

The other matter currently pending before this court is plaintiffs' motion to enforce an alleged settlement agreement. According to plaintiffs, after they filed the motion for turnover of assets against R.D. Air, plaintiffs' counsel, Michael Grill, called counsel for R.D. Air, Tom Lester,[3] to discuss a briefing schedule for the motion. Lester responded in substantially the following manner: "It may be that my client satisfies the full amount, the $269,647 plus 9% interest, out of the

---

[3] Mr. Lester represents the judgment debtor and both third-party defendants.

$1.2 million dollars RD Air owes the judgment debtor," and stated that he would contact Grill when he knew with certainty whether his clients would satisfy the judgment. Later that evening, Lester sent Grill an email with an attached "draft order for the turnover." In relevant part, the attached draft order admitted that R.D. Air owed the judgment debtor approximately $1.24 million and provided: "In full satisfaction of its judgment, $293,915.33 of the amount due the Judgment Debtor by RD Air, LLC is hereby turned over, pursuant to Plaintiffs' request, to Plaintiffs." The draft order further provided that plaintiffs were to file a Satisfaction of Judgment, that all other pending motions were dismissed as moot, and that any previous citations issued by plaintiffs were terminated.

According to plaintiffs, after receiving the draft order, "Grill left a message for Lester later that same evening, confirming receipt of the draft order, conveying that the only detail to be finalized was the method and date of payment, and informing Lester that a revised order containing the payment specifics would be forthcoming" the next morning. Plaintiffs further allege in their motion that, the next morning, "Lester repudiated the Agreement and attempted to change it from one by which Citation Respondents paid money to satisfy the judgment, to one by which they would merely assign to the Judgment Creditors a worthless receivable in the amount of the judgment." In their motion, plaintiffs argue that the above actions of Lester and Grill constituted a valid settlement agreement, and they seek an order from the court enforcing the terms of that agreement. Neither the judgment debtor nor the third-party defendants responded to the motion.

After review of the motion, the supporting affidavits, and the attached exhibits, including the language of the draft order, the court concludes that there was no valid settlement agreement entered into by the parties. Under Illinois law, "[f]or a contract to be enforceable, the essential terms of the contract must be definite and certain," and the contract "must include a meeting of the minds or

9

mutual assent as to the terms of the contract." Quinlan v. Stouffe, 355 Ill. App. 3d 830, 837-38 (2005) (quotation marks omitted). Here, the parties did not form a valid contract because there was no meeting of the minds on the essential terms of the contract. Plaintiffs assumed that R.D. Air would pay them cash to satisfy the outstanding judgment, yet acknowledged that the draft order did not provide for the method or date of payment.[4] On the other side, R.D. Air never expressly stated that it would pay cash to satisfy the judgment – the draft order merely offered to turn over to plaintiffs a portion of a debt they owed to the judgment debtor – and when confronted with plaintiffs' request for details on the payment terms, Lester immediately "repudiated" the agreement by making clear that his clients did not intend to pay cash. Given these circumstances, there never was a meeting of the minds with respect to the method or manner by which R.D. Air would satisfy the judgment in this case. Accordingly, the motion to enforce the settlement agreement is denied.

Date: December 18, 2009

ENTER:

_____
FREDERICK J. KAPALA
District Judge

---

[4] In addition, plaintiffs' assumption that a cash payment would be forthcoming does not appear to be reasonable, based on their own pleadings. In the affidavits submitted in support of the motion to enforce settlement agreement, plaintiffs claim that any assignment of the debt would have been a "worthless receivable." Based on this assessment, it would be unreasonable for plaintiffs to assume that R.D. Air had the ability to pay, in cash, $293,915.33 in satisfaction of the judgment.